**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SAMUEL LUNDVALL,

Plaintiff,

v. No. CIV 15-0147 RB/KK

STATE OF NEW MEXICO,
DISTRICT ATTORNEY ZACH JONES,

Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1915(e)(2), 1367(a), (c), and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Tort Suit Action. The named Defendants removed the action to this Court and paid the filing fee. Plaintiff is incarcerated and appears pro se. The state court granted him free process (Doc. 9-1 at 13) and, based on information in the state court record, this Court will grant him leave to proceed in forma pauperis. For reasons set out below, the Court will dismiss Plaintiff's federal claims and remand his state law claims.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and

allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). Furthermore, under § 1367(c)(3), if a plaintiff's federal claims are dismissed, the Court may remand supplemental state law claims to the state court. *See* § 1367(c)(3); *and see Genusa v. Asbestos Corp. Ltd.*, 18 F. Supp. 3d 773, 776, 788-89 (M.D. La. 2014). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Jones initiated the prosecution of Plaintiff without probable cause and inserted falsehoods into the prosecution, causing Plaintiff to remain incarcerated after his release date. No separate factual allegations are made against the Defendant State of New Mexico. Plaintiff asserts that his resulting imprisonment was illegal and caused him mental-emotional distress. He contends that Defendant's actions violated his federal and state constitutional protections. The complaint seeks damages.

The complaint's caption names a New Mexico district attorney and the State of New Mexico as Defendants. Defendant District Attorney Jones is immune to Plaintiff's claims in this § 1983 action. As the Supreme Court ruled in *Imbler v. Pachtman*, 424 U.S. 409 (1976), "in initiating a prosecution and in presenting the State's case, the prosecutor is

immune from a civil suit for damages under § 1983." *Id.* at 431; *and see Kersh v. Richardson*, 466 F. App'x 718, 720 (10th Cir. 2012). Because Defendant District Attorney Jones took the alleged actions as part of the state's prosecution of a criminal proceeding, the Court will dismiss Plaintiff's claims against him.

Furthermore, to the extent Plaintiff seeks relief under 42 U.S.C. § 1983 separately against the state, his claims are precluded by the terms of the statute. "[N]either [the state nor its agencies] "are 'persons' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69-70 (1997); and citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)). The Court will dismiss Plaintiff's federal claims.

Plaintiff also contends that Defendants' alleged actions violated certain of his rights under state law. In view of the dismissal of all federal claims against Defendants, the question arises whether this Court should exercise jurisdiction of Plaintiff's state law claims. It is assumed for purposes of this opinion that this Court has "supplemental jurisdiction" of these claims. *See* 28 U.S.C. § 1367(a). The Court may, nonetheless, "decline to exercise supplemental jurisdiction over a claim . . . if-- . . . the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). Under the terms of the statute, the Court declines to exercise supplemental jurisdiction and will remand Plaintiff's state law claims. *See Genusa v. Asbestos Corp. Ltd.*, 18 F. Supp. 3d

773, 776, 788-89 (adopting magistrate judge's recommended disposition interpreting 2011 amendments to 28 U.S.C. § 1441(c) and remanding removed supplemental claims under § 1367(c)).

IT IS THEREFORE ORDERED that Plaintiff is GRANTED leave to proceed under 28 U.S.C. § 1915;

IT IS FURTHER ORDERED that Plaintiff's federal claims are DISMISSED with prejudice; Plaintiff's state law claims in the complaint are REMANDED to the New Mexico First Judicial District, County of Santa Fe; and judgment will be entered.

UNITED STATES DISTRICT JUDGE